Requestor: Kevin A. Luibrand, Town Attorney Town of Clifton Park One Town Hall Plaza Clifton Park, N.Y. 12065
Written by: Joseph Koczaja, Assistant Attorney General
You have asked whether chapter 61 of the Laws of 1989 authorizes a pre-prepared schedule of fines to enable a motorist to submit a check in the amount of the fine at the time the motorist submits a guilty plea to a traffic offense. Under such a system, if a motorist pleads guilty by mail, he or she would simply enclose a check or money order in the amount indicated by the fine schedule, together with an admission of guilt in the envelope provided by the police officer issuing the ticket.
In a recent informal opinion, this office stated that article 45 of the Vehicle and Traffic Law (V T Law, §§ 1800-1810), the statutory authority for a motorist to plead guilty to traffic infractions by mail, does not authorize the payment of fines by mail at the time a motorist submits his guilty plea (1988 Op Atty Gen [Inf] 106). We found that Vehicle and Traffic Law, § 1805 contemplates that the court in its discretion consider certain factors in its determination of the amount of the fine.
Your letter states that chapter 61 of the Laws of 1989 may change our opinion on this matter because in your view it sets forth definite fines that a court must impose for certain violations of the Vehicle and Traffic Law. However, our review indicates that chapter 61 did not establish definite fines. Under the amendment, for some traffic violations courts must assess fines within a designated statutory range (see V T Law, §§ 306[b], 402[7], 412, 509[11], 1180[f]). The discretion accorded courts in their assessment of traffic fines has not been removed.
Further, in your town, traffic violations are governed by article 45 of the Vehicle and Traffic Law. We found in our 1988 opinion that while section 1805 of that article permits motorists to make guilty pleas by mail, it does not authorize simultaneous payment of fines in accordance with an established schedule of fines for various offenses. The motorist is required to submit to the local criminal court the "record of convictions" portion of his operator's license together with other required statements and information and a request that the court fix a fine or penalty (id., § 1805). We concluded in our 1988 opinion that payment of a fine in accordance with a fixed schedule in conjunction with a guilty plea is inconsistent with the procedure established by section 1805. Chapter 61 of the Laws of 1989 has not modified this procedure, and, therefore, our opinion remains unchanged.
We conclude that article 45 of the Vehicle and Traffic Law does not authorize a pre-prepared schedule of fines to enable a motorist simultaneously to mail his fine and guilty plea in relation to a traffic offense.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.